**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JESSE J. MORMAN,**

                                        **Petitioner,**

    **vs.**                                                    **9:18-cv-01338**
                                                              **(MAD/DJS)**

**SUPERINTENDENT, Mid-State Correctional**
**Facility,**

                                        **Respondent.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**JESSE J. MORMAN**
13-B-1990
Mid-State Correctional Facility
Inmate Mail/Parcel
P.O. Box 2500
Marcy, New York 13403
Petitioner *pro se*

**OFFICE OF THE NEW YORK**            **PAUL B. LYONS, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Petitioner Jesse J. Morman, a state prisoner appearing *pro se*, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges a conviction of, *inter alia*,

four counts of Criminal Possession of a Controlled Substance in the Third Degree and two counts

of Criminal Sale of a Controlled Substance in the Third Degree.  *See* Dkt. No. 1 at 1-2.  He was

sentenced to serve an aggregate determinate term of thirty years in prison followed by three years

of post-release supervision.  *See id.* at 1.  Petitioner appealed his conviction to the Appellate

Division, Fourth Department, which affirmed the conviction but modified the sentence by

reducing it to an aggregate determinate term of fifteen years.  *People v. Morman*, 145 A.D.3d

1435 (4th Dep't 2016); *People v. Morman*, 145 A.D.3d 1439 (4th Dep't 2016).  The New York

Court of Appeals denied leave to appeal on April 27, 2017.  *See* Dkt. No. 1 at 3.

Petitioner raises the following grounds for habeas relief: (1) that evidence was obtained

pursuant to an unconstitutional inventory search; (2) that the trial jury violated his constitutional

rights because two prospective jurors were overheard making comments indicating that Petitioner

was already guilty; (3) that his trial counsel was ineffective because he failed to object to the

alleged improper sealing of his drug sale indictment and failed to move to suppress certain

evidence; (4) that the court incorrectly allowed the prosecuting attorney to make improper

remarks; and (5) that the trial court erred by permitting a police investigator to offer improper

hearsay and opinion testimony.  *See id.* at 4-9; Dkt. No. 31 at 2.  Respondent opposes the Petition

and contends that the application should be denied.  *See* Dkt. No. 16.  In a Report-

Recommendation and Order, Magistrate Judge Daniel J. Stewart recommended that Petitioner's

request be denied and dismissed and that no Certificate of Appealability ("COA") be issued.  *See*

Dkt. No. 31.  Petitioner has not objected to the Report-Recommendation and Order.

## II. BACKGROUND

For a complete recitation of the relevant facts, the parties are referred to the Report-

Recommendation and Order.

## III. DISCUSSION

A.      **Standard of Review**

*1. AEDPA*

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought

about significant new limitations on the power of a federal court to grant habeas relief to a state

prisoner under 28 U.S.C. § 2254.  In discussing this deferential standard, the Second Circuit noted

in *Rodriguez v. Miller*, 439 F.3d 68 (2d Cir. 2006), *cert. granted, judgment vacated and cases*

*remanded on other grounds by,* 549 U.S. 1163 (2007), that

> a federal court may award habeas corpus relief with respect to a
> claim adjudicated on the merits in state court only if the
> adjudication resulted in an outcome that: (1) was "contrary to, or
> involved an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the United
> States"; or (2) was "based on an unreasonable determination of
> the facts in light of the evidence presented in the State court
> proceeding."

*Id*. at 73 (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F.

3d 57, 66 (2d Cir. 2005) (quotation omitted); *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir.

2003) (quotation omitted).

In providing guidance concerning the application of this test, the Second Circuit has

observed that

> a state court's decision is "contrary to" clearly established federal
> law if it contradicts Supreme Court precedent on the application
> of a legal rule, or addresses a set of facts "materially
> indistinguishable" from a Supreme Court decision but
> nevertheless comes to a different conclusion than the Court did.
> [*Williams v. Taylor*, 529 U.S. 362] at 405-406, 120 S. Ct. 1495
> [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir. 2001)
> . . . . [A] state court's decision is an "unreasonable application of"
> clearly established federal law if the state court "identifies the
> correct governing legal principle from [the Supreme] Court's
> decisions but unreasonably applies that principle to the facts" of
> the case before it. *Williams*, 529 U.S. at 413, 120 S. Ct. 1495.

3

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F. 3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether a state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2009); *see also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have interpreted "objectively unreasonable" in this context to mean that "some increment of incorrectness beyond error" is required for the habeas court to grant the application. *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

As the Second Circuit has further instructed, the necessary predicate for a federal habeas court's deferential review is that a petitioner's federal claim has been "'adjudicated on the merits' by the state court." *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003) (quotation omitted). "If a state court has not adjudicated the claim 'on the merits,'" the federal habeas court applies the pre-AEDPA standards, and reviews *de novo* the state court disposition of the petitioner's federal claims. *Id.* (quoting *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001)). "[A] state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment.'" *Norde v. Keane*, 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). To determine whether a state court has disposed of a claim on the merits, a court will consider: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the

state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." *Aparicio*, 269 F.3d at 93 (quoting *Sellan*, 261 F.3d at 314).

### 2. Review of a Report and Recommendation

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, 1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to file a timely objection will result in the waiver of further judicial review and cites the pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.      Petitioner's Fourth Amendment Claim**

Petitioner argues that the evidence that was found in his vehicle during the traffic stop on April 12, 2012, should have been suppressed because it was obtained as a result of an unlawful inventory search. *See* Dkt. No. 1 at 6. In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494; *see also Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002) (holding that "once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief") (citation omitted). Following *Stone*, review of Fourth Amendment claims in habeas petitions is permissible only "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citations omitted).

New York has a corrective procedure for Fourth Amendment violations, which is facially adequate. *See Capellan*, 975 F.2d at 70 n.1. Under New York's Criminal Procedure Law ("CPL") § 710, a defendant may move to suppress evidence he claims was unlawfully obtained when he has "reasonable cause to believe that such [evidence] may be offered against him in a criminal

action." *Huntley v. Superintendent, Southport Corr. Fac.*, No. 00-CV-191, 2007 WL 319846, *7 (N.D.N.Y. Jan. 30, 2007) (quoting N.Y. CRIM. PROC. § 710.20); N.Y. CRIM. PROC. § 710.20(1) (stating that a defendant may move to suppress evidence on the ground that it "[c]onsists of tangible property obtained by means of an unlawful search and seizure under circumstances precluding admissibility thereof").

Here, Petitioner took advantage of his opportunity to fully adjudicate the matter in state court by arguing the issue in the trial court and fully raising the issue on appeal.  *See* Dkt. No. 18-1 at 153-157; *Morman*, 145 A.D.3d at 1436.  Petitioner is therefore not entitled to habeas corpus relief on his Fourth Amendment claim.

**C.     Petitioner's Claim Regarding the Jury Empanelment**

Petitioner argues that the trial jury violated his constitutional rights because two prospective jurors were overheard making comments that implied that they already believed that Petitioner was guilty.  *See* Dkt. No. 1 at 9; Dkt. No. 18-2 at 243.  Respondent argues that Petitioner's jury misconduct claim is unexhausted and procedurally barred.  *See* Dkt. No. 16 at 30.

An application for a writ of habeas corpus may not be granted until a petitioner exhausts all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(I), (ii).  The exhaustion requirement "'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]'" *Jimenez v. Walker*, 458 F.3d 130, 148-49 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that he raise all claims in state court prior to raising

them in a federal habeas corpus petition.  Substantive exhaustion requires that the petitioner

"fairly present" each claim for habeas relief in "each appropriate state court (including a state

supreme court with powers of discretionary review), thereby alerting that court to the federal

nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  The petitioner

must also use the proper procedural vehicle so that the state court may pass on the merits of his

claims.  *See Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

       If a court determines that a claim is unexhausted, it considers whether the claim is

procedurally defaulted.  *See Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001).  Once a claim

has been deemed procedurally defaulted, it is subject to dismissal unless the petitioner can

demonstrate "cause for the default and prejudice, or that failure to consider the claim will result in

a miscarriage of justice[.]" *Id.* at 90 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

To establish cause for the default, a petitioner must show that "'some objective factor external to

the defense impeded [his] efforts to comply with the State's procedural rule.'"  *Coleman*, 501 U.S.

at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *accord, Maples v. Thomas*, 565

U.S. 266, 281 (2012).  On a writ for habeas relief, the court need not examine the issue of

prejudice if a petitioner fails to establish adequate cause for his procedural default because habeas

relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice

are demonstrated.  *Carrier*, 477 U.S. at 496.

       In his Report-Recommendation and Order, Magistrate Judge Stewart correctly found that

Petitioner's jury misconduct claim is unexhausted and procedurally defaulted because Petitioner

relied exclusively on New York State law for his brief to the Appellate Division on this issue.  *See*

*Blond v. Graham*, No. 5:12-CV-1849, 2014 WL 2558932, *13 (N.D.N.Y. June 5, 2014).

Moreover, even if the Court were to review the merits of the jury misconduct issue,

Petitioner would still not be entitled to relief.  The Supreme Court has consistently noted that jury

selection is "particularly within the province of the trial judge." *Skilling v. United States*, 561 U.S.

358, 386 (2010) (quoting *Ristaino v. Ross*, 424 U.S. 589, 594-595 (1976)).  In this case the trial

court was told of the possible jury misconduct of the two potential jurors and dismissed the jurors

without requiring either party to use a peremptory challenge.  *See* Dkt. No. 18-2 at 247-48.  The

trial court also allowed defense counsel to question the other potential jurors to see if they had

been tainted by the statements of the other jurors, at which time the defense attorney could have

dismissed the jurors if he thought it was necessary.  *See id.* at 252-53.  Based on the record, the

trial court reasonably dealt with this issue, and there was no constitutional violation.

**D.      Ineffective Assistance of Counsel Claim**

Petitioner also argues that he was denied effective assistance of counsel because his

attorney failed to object to the alleged improper sealing of his drug sale indictment, failed to move

to suppress Sgt. Young's identification of Petitioner, and should have moved to dismiss the drug

sale charges.  *See* Dkt. No. 1 at 4.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his

defence." U.S. Const. amend. XI.  "It has long been recognized that the right to counsel is the

right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14

(1970).

In assessing whether a habeas petitioner has been denied the effective assistance of

counsel to which he is entitled under the Sixth Amendment, the court applies the standard

established by *Strickland v. Washington*, 466 U.S. 668 (1984).  Under that standard, the petitioner

> "must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient,' 466 U.S. at 687, 104 S. Ct. 2052, so deficient that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance,' *id.* at 690, 104 S. Ct. 2052; and (2) he must show 'that the deficient performance prejudiced the defense,' *id.* at 687, 104 S. Ct. 2052, in the sense that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694, 104 S. Ct. 2052."

*Matthews v. United States*, 682 F.3d 180, 186 (2d Cir. 2012) (quotation omitted).

As to the first prong of *Strickland*, attorney conduct is subject to an objective standard of reasonableness and is accorded deference in light of the "range of legitimate decisions" that accompanies the various circumstances encountered by counsel. *See Strickland*, 466 U.S. at 688-89. As a result, reviewing courts "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).

As to the second prong of *Strickland*, a petitioner must show that, but for his or her attorney's deficient performance, there is a reasonable probability that the result would have been different. *See Strickland*, 466 U.S. at 694. More is required than a mere showing "that the errors had some conceivable effect on the outcome of the proceeding," as "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693.

"The *Strickland* standard is 'highly demanding,' ... and 'rigorous[.]'" *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (quotations omitted). An ineffective assistance of counsel

claim "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Id.* (citation omitted).

In his Report-Recommendation and Order, Magistrate Judge Stewart correctly found that Petitioner did not meet the high bar imposed by the *Strickland* test. *See* Dkt. No. 31 at 18-26. As Magistrate Judge Stewart mentioned, there is no requirement to immediately arrest someone once probable cause exists and there was no showing that the seven-day sealing of the indictment harmed Petitioner, so it was not unreasonable for counsel not to object to the sealing of the drug indictment. *See id.* at 22-26; *see also Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 761 (2005).

Petitioner's claim that his counsel was ineffective because they did not move to suppress Sgt. Young's identification of Petitioner also fails, in part because defense counsel did in fact move to suppress the identification by Sgt. Young on the grounds that it was unduly suggestive. *See* Dkt. No. 18-1 at 18-23. The Appellate Division ruled this argument was not preserved for review, because it was not raised in the lower court. *Morman*, 145 A.D.3d at 1435-36. Additionally, the Court agrees with the Report-Recommendation and Order and Respondent's argument and reasoning that the viewing of the photograph was confirmatory in nature and would not have affected the outcome of the motion or the trial. *See* Dkt. No. 16 at 22; Dkt. No. 31 at 20.

Petitioner's final claims are that his counsel failed to argue that there was no corroborating evidence for the two drug sale charges and counsel did not show that the prosecutor failed to establish the existence of a confidential informant that was the trigger for those sales. *See* Dkt. No. 1 at 4. The Court agrees with Magistrate Judge Stewart that witness testimony does not need to be corroborated so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt, and that the weight of the evidence is a question for

11

the jury.  *See* Dkt. No. 31 at 21; *Parks v. Sheahan*, 104 F. Supp. 3d 271, 283 (E.D.N.Y. 2015); (quoting *United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003)).

For the reasons stated above, Petitioner is therefore not entitled to habeas corpus relief on his ineffective counsel claim.

**E.      Prosecutor's Summation and the Police Officer's Opinion Testimony**

Petitioner argues that the trial court erred in allowing improper remarks by the prosecutor during summation and allowing a police officer to offer improper hearsay and opinion testimony. *See* Dkt. No. 1 at 9.  Petitioner claims that the statement, "[a]lso, we already know defendant is a drug dealer because he sold cocaine to Sergeant Young January 5th and January 10th of 2012" constitutes prosecutorial misconduct.  *See id.*; Dkt. No. 18-2 at 539.  The Court agrees with Magistrate Judge Stewart that this does not constitute prosecutorial misconduct because Petitioner's prior drug sales were admissible with respect to the issue of Petitioner's intent to sell the cocaine at issue in this case.  *See* Dkt. No. 31 at 26-27.

The Appellate Division also found, and the Court agrees with the finding, that the above-mentioned prosecutorial misconduct claim and the claim that the narcotics officer submitted inadmissible hearsay evidence is unpreserved because defense counsel did not object to those statements.  *See id.* at 27; *Morman*, 145 A.D.3d at 1438.  The defense counsel's failure to object to the statements made by the prosecutor and the narcotics officer bars review of these claims in this Court.  *Evans v. Colvin*, No. 9:16-CV-1346, 2018 WL 3069211, *5 (N.D.N.Y. June 21, 2018).

Petitioner also argues that a portion of prosecutor's closing also constituted prosecutorial misconduct and the trial court improperly allowed the statement to remain.  *See* Dkt. No. 18-2 at 524.  While not condoning the trial court allowing the prosecutor's statement to remain on the record, the Court agrees with Magistrate Judge Stewart's statement in the Report-

Recommendation and Order that the prosecutor did not engage in egregious misconduct. *See* Dkt. No. 31 at 28. The statements were made during closing arguments, in response to statements made by Petitioner's counsel, and the trial court instructed the jury that closing arguments are not evidence, so the comments did not create a level of unfairness that would deny Petitioner the right to a fair trial.

For similar reasons, the Court also concurs with Magistrate Judge Stewart and the Appellate Division's conclusion that the opinion testimony offered by Investigator DiPirro, while improper, was harmless because of the overwhelming evidence presented at trial. *Morman*, 145 A.D.3d at 1438. Petitioner is therefore not entitled to habeas corpus relief on these claims.

**F.      Certificate of Appealability**

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court[.]" 28 U.S.C. § 2253(c)(1)(A). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Since Petitioner has failed to make such a showing, the Court declines to issue a Certificate of Appealability in this matter regarding Petitioner's Section 2254 claims. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's September 20, 2021 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 4, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge